(3 Misc. Rep. 601.)

PLASS v. LUCAS.

(City Court of Brooklyn, General Term. May 22, 1893.)

FRAUD IN PROCURING INDORSEMENT ON NOTE—EVIDENCE.

Plaintiff, her husband, and defendant were stockholders in a corporation, plaintiff having a controlling interest therein. The husband gave defendant a note indorsed by plaintiff for a loan to enable him to pay the expenses of an enterprise that was expected to be advantageous to the corporation. Plaintiff and her husband testified that when the note was drawn the husband turned it face downward, and requested plaintiff to write her name on it, telling her that it was a memorandum that the husband was holding defendant's stock, and that after she had done so the husband wrote above her name the words, "Pay to the order" of defendant. Defendant testified that such words were written first, and that plaintiff indorsed the note with full knowledge of what she was doing. It appeared that she had large business experience, and was familiar with the indorsement of checks and signing of papers. *Held*, that a finding that the indorsement was fraudulently procured was not against the weight of evidence.

Appeal from trial term.

Action by Isabella C. Plass against David F. Lucas. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Estes, Barnard & Tiffany, for appellant.

Thomas E. Pearsall, for respondent.

OSBORNE, J. Plaintiff brought this action to restrain the defendant from negotiating a promissory note for $1,500 made by the husband of the plaintiff, and indorsed by her, and for the cancellation of her indorsement thereon, on the ground that she had been induced to indorse said note through false representations made by defendant, aided and abetted by her husband. Defendant denied all fraud and false representation. On conflicting testimony the learned trial judge decided in favor of the defendant, and plaintiff appeals from the judgment entered against her on the ground that the findings of fact were against the weight of evidence. It accordingly becomes our duty to carefully examine and weigh the evidence in the case, in order to determine if the contention of the plaintiff is sustained.

It appears from the evidence that the plaintiff held the controlling interest in a company known as the Standard Corporation, in which her husband and defendant were also stockholders; the latter having purchased his stock from plaintiff's husband, and paid him $1,000 therefor. Defendant also held the promissory note of plaintiff's husband for $400. Plaintiff and her husband were the owners of sundry patents, which they were negotiating to sell to certain parties in Philadelphia; and such sale, if consummated, was expected to prove very advantageous to plaintiff, and to promote her interests as a stockholder in the Standard Corporation. Defendant entered into an arrangement with plaintiff's husband by which he agreed to loan, and did loan, to plaintiff's husband, the further sum of $100, for his expenses to Philadelphia, to carry out the proposed arrangement, on the agreement that he (defendant) was to surrender the note of Mr. Plass for $400, and also the stock, for which he had paid $1,000, and receive in return therefor the note of plaintiff's husband for $1,500, indorsed by her. When it was proposed that plaintiff should indorse this note, her husband testified that he told defendant that his wife would not indorse a note, but that he was persuaded to make the effort to procure her indorsement; that he accordingly drew up the note, turned it over on its face on the desk, called his wife into the room where he and defendant were, and said to her, "Write your name on that piece of paper;" that she inquired of defendant "what it was about;" and that defendant replied "that it was simply a piece of paper,—a memorandum that I [Mr. Plass] was holding his [defendant's] stock; and, taking his word for it, she wrote her name on the piece of paper, and passed upstairs." He further testified that he then, at defendant's request, wrote over his wife's signature the words, "Pay to the order of D. F. Lucas," and delivered the note

to defendant. Plaintiff tells substantially the same story as to how she came to indorse the note. Defendant squarely denied the statement as to the way in which it was alleged that plaintiff's indorsement was procured, and he testified that she was fully aware of the whole arrangement, and that she indorsed the note under the words, "Pay to the order of D. F. Lucas," with full and complete knowledge that she was indorsing her husband's note for $1,500. In our opinion, plaintiff's story is too improbable to be entitled to any credence, in the face of the admitted circumstances surrounding the whole transaction. It appeared that plaintiff was a thorough business woman, having at one time conducted business on her own account; was familiar with the indorsing of checks, the transferring of stock certificates, and the signing of proxies; talked glibly about "the Philadelphia deal, and of when it was to go through," the sale of her patents, and of her controlling stock interest, and of the intention of her husband to take care of defendant and others in the company, "because they always pulled honest and square with him, while others pulled against him." She showed herself, plainly, to be fully conversant with business ways; and yet we are asked to believe that she, with all her intelligence, was persuaded to write her name on a piece of blank paper on the assurance "that it was a memorandum that Mr. Plass held his stock for him in trust. I signed it because I thought it was a piece of paper he wanted to pin to the stock." The history of the whole transaction, as testified to by the defendant, is, in our opinion, the correct story of the indorsement of the note by plaintiff. We do not regard the evidence of plaintiff's husband as affording any corroborative weight to plaintiff's story, for it plainly shows, taking it to be true, that he deliberately entered into a scheme to defraud his own wife. He appears as a self-confessed cheat, and his evidence, in our opinion, is utterly worthless. We think that the learned trial judge properly decided this case, and the judgment should be affirmed, with costs.